

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-20-2005

# USA v. Alamo

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3544

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Alamo" (2005). *2005 Decisions.* Paper 85.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/85

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No:  04-3544

UNITED STATES OF AMERICA

v.

ALEXANDER ALAMO,
a/k/a FLEX,

Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No.:  03-CR-00812
District Judge:  The Honorable James Knoll Gardner

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 15, 2005

Before: SLOVITER, SMITH and VAN ANTWERPEN, *Circuit Judges*

(Filed:   December 20, 2005)

OPINION

SMITH, *Circuit Judge*.

Alexander Alamo sold crack cocaine to Officer Flanagan of the Reading Police

Department on January 9, March 21, March 26, and April 7, 2003.  The consideration

given for the crack cocaine during the March 26 controlled buy was an air conditioner.

After the sale was completed, Alamo was followed to an apartment on Buttonwood Street leased by his girlfriend Myra Ruiz. After the April 7 purchase, officers from the Reading Police Department obtained a search warrant for the Buttonwood Street apartment. During the execution of the search warrant on April 9, officers found the air conditioner that had been tendered in the March 26 controlled buy, as well as several firearms, and an additional quantity of crack cocaine.

A grand jury returned a thirteen count indictment against Alamo charging him with: conspiring to distribute crack cocaine in violation of 21 U.S.C. § 846 (Count 1); distributing crack cocaine in violation of 21 U.S.C. § 841 (Counts 2, 4, 6 and 8); distributing crack cocaine within 1000 feet of a school in violation of 21 U.S.C. § 860 (Counts 3, 5, 7 and 9); possessing crack cocaine with the intent to distribute in violation of 21 U.S.C. § 841 (Count 10); possessing crack cocaine with the intent to distribute within 1000 feet of a school in violation of 21 U.S.C. § 860 (Count 11); possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (count 12); and possessing a firearm by a convicted felon in violation of 18 U.S.C. § 922(g) (Count 13). At trial, in addition to the testimony of the officers involved in the investigation, Myra Ruiz testified for the government. She confirmed that, even though her name was the only one on the lease for the apartment, she and Alamo lived together at the apartment. She explained that Alamo did not work, but that he made money by selling crack cocaine, "sometimes . . . about 2,000 to $3,000 a day." Alamo used a

particular pot and knife, according to Ruiz, to cook the crack. She affirmed that the firearms and drugs found during the search were Alamo's.

The jury convicted Alamo of counts 1, 2, 3, 6, 7, 10, 11, and 13. Alamo's "sole challenge on appeal is that the jury did not have sufficient evidence on which to base its verdict of guilty as to possession of the firearms and cocaine seized during the [execution of the] search warrant."[1] He contends that the evidence is insufficient because he did not live at the Buttonwood apartment. For that reason, Alamo contends, that the government failed to prove that he exercised sufficient control over the gun and the drugs which were found in the apartment.

We "review[] the sufficiency of the evidence in the light most favorable to the government and must credit all available inferences in favor of the government." *United States v. Riddick*, 156 F.3d 505, 509 (3d Cir. 1998). After reviewing the record, particularly Ruiz's testimony, we conclude that there is sufficient evidence for a jury to find that Alamo had dominion and control over the drugs and the guns that were found during the execution of the search warrant. Accordingly, Alamo's conviction on Counts 1, 10, 11, and 13 should not be disturbed.

In response to this Court's inquiry about the applicability of the Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 125 (2005), Alamo sought resentencing.

---

[1]In other words, Alamo challenges only his convictions on Counts 1, 10, 11 and 13. He does not challenge his conviction on Counts 2 and 6 for distribution, or Counts 3 and 7 for distribution within 1000 feet of a school.

The government concedes that Alamo should be resentenced. Accordingly, consistent with *United States v. Davis*, 407 F.3d 162 (3d Cir. 2005) (en banc), we will vacate Alamo's sentence and remand for resentencing in accordance with *Booker*.